ARTHUR E. HORTON & another *vs.* FRANKLIN F. PHILLIPS, Jr.,
& another.

Suffolk.    January 18, 1921. — March 3, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Contract*, Implied, Performance and breach. *Equity Pleading and Practice*,
Appeal, Master's report.

In a bill in equity brought under R. L. c. 159, § 3, cl. 7, based upon a debt due
from the defendant to the plaintiff for rebuilding and renovating a motor
vehicle, the defendant contended that the work was unreasonably delayed and
improperly done and that the charges were unreasonable and excessive. A
master, to whom the case was referred, filed a report in which he made certain
findings upon unreported evidence, among others that the defendant placed
the vehicle with the plaintiff "to be overhauled and made right, and that no
time was specified within which the work was to be finished," that the work was
properly done and that the charges with certain modifications made by the
master were fair, reasonable and necessary for the transaction of the work.
The master's report was confirmed by an interlocutory decree from which no
appeal was taken and later a final decree was entered establishing the debt in
accordance with the master's report. Upon an appeal by the defendant from
the final decree, it was *held* that the court could not say that the findings of the
master were plainly wrong and that the decree should be affirmed.

The owner of a motor vehicle, who voluntarily enters into a contract to have it
rebuilt and renovated without any stated price therefor, and who, with constant
knowledge of what is being done, gives no orders to discontinue further work, is
not excused from payment because it would have been less expensive and more
advantageous to him to have exchanged the motor vehicle.

BILL IN EQUITY, filed in the Superior Court on January 8,
1920, under R. L. c. 159, § 3, cl. 7, seeking to establish a debt of
$2,765.68 alleged to be due from the defendant Phillips to the
plaintiffs under a contract to rebuild and renovate a motor
vehicle and to reach and apply toward payment thereof shares of
the capital stock of the defendant Avery Chemical Company,
a Massachusetts corporation, alleged to be owned by the defend-
ant Phillips.

The suit was referred to a master, who filed a report containing
findings described in the opinion, and thereafter was heard by
*Sisk*, J., by whose order a final decree was entered in accord-
ance with the findings of the master.    The defendant Phillips
appealed.

*F. F. Phillips, Jr., pro se.*

*F. M. Carroll,* for the plaintiffs.

BRALEY, J.   The defendant, who did not appeal from the interlocutory decree overruling the exceptions and confirming the master's report, contends on his appeal from the final decree, that the report is not responsive to the pleadings, is confused, inconsistent, vague, contradictory and unreasonable.   The bill, brought under R. L. c. 159, § 3, cl. 7, alleged, and the master finds that the defendant placed his automobile with the plaintiffs "under a contract to repair and renovate" it, and, acting under the contract and with the knowledge and consent of the defendant, they purchased the parts necessary for replacement and furnished the labor required to make the repairs and complete the renovation of the car.   It appears from the report that the defendant contended that a large part of the work had been performed in an unskilful and unsatisfactory manner after great and unreasonable delay whereby he was deprived of the use of the car, and that he never authorized the plaintiffs to have work done outside of their own shop, for which the charges, as well as the charges for their own work and for materials, were unreasonable and excessive.   The issues thus raised, even if recoupment is not pleaded, were questions of fact, and the evidence is not reported.   A lengthy and full review of the controversy precedes the master's conclusions which are specifically and clearly stated in separate findings, and, after making deductions from the hours of labor as charged and for work done and for parts made and supplied outside of the plaintiffs' shop, he establishes the defendant's indebtedness in the amount named in the decree.   If the price the defendant paid for the automobile is compared with the expense of making it over, the car finally cost him a little more than double the original outlay.   It may be that during the period covered by the reconstruction he failed to realize, that by reason of the cost of labor and materials, it would have been less expensive and more advantageous to have exchanged his car than to attempt making radical and extensive changes and repairs.   But he voluntarily entered into the contract, which was not to be performed for a round sum, and with constant knowledge of what was being done gave no orders at any stage to discontinue further work.   The master finds that the plaintiffs' charges were fair, reasonable and

necessary for "the transaction of the work," and we cannot say that this, or any of his material findings are plainly wrong. *Craig* v. *Warner*, 216 Mass. 386. It follows that the decree should be affirmed.

*Ordered accordingly.*